**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| FIRST INSURANCE COMPANY OF HAWAII, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> P&S CONSTRUCTION, INC., <br><br> Defendant. | CIVIL CASE NO. 17-00091 <br><br> **DECISION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Before the court is Defendant P&S Construction, Inc.'s ("P&S") Objection to Magistrate Judge Joaquin Manibusan, Jr.'s Report and Recommendation. *See* ECF No. 37. The Magistrate Judge's Report and Recommendation ("Report") suggested that this court deny the Defendant's Motion to Dismiss Counts I and II of the complaint and further deny its request to stay Count II pending the outcome of arbitration. *See* ECF No. 6. After reviewing the parties' submissions and relevant case law, the court hereby **ACCEPTS** in part and **REJECTS** in part the conclusions within the Report for the reasons stated herein.

### I. BACKGROUND

**A. Facts**

This dispute stems from a subcontract between Defendant P&S, a Massachusetts-based construction contractor, and JWS Refrigeration and Air Conditioning, Ltd. ("JWS"), a Guam-

1

based subcontractor. *See* Report at 1-2, ECF No. 37. Pursuant to the subcontract, JWS was to upgrade the HVAC system in Building 18001 at Anderson Air Force Base. *Id.* at 1. The subcontract required JWS to procure a performance bond. Subcontr. at ¶ 3.4, ECF No. 6-2. Plaintiff First Insurance Company of Hawaii, Ltd. ("FICOH") acted as surety on that performance bond, which incorporates the subcontract by reference. Perf. Bond, ECF No. 7. Prior to completion of the subcontract project, P&S terminated JWS and hired a replacement contractor. Report at 2, ECF No. 37. P&S then initiated arbitration proceedings against JWS and FICOH in Boston, Massachusetts. *Id.*

### B. Procedural History

On April 13, 2017, JWS sued P&S in this court for breach of contract and other related claims. *See United States of America* and *JWS Refrigeration and Air Conditioning, Ltd. v. Fid. and Deposit Co. of Maryland and P & S Construction, Inc.*, 17-CV-00043, Compl., ECF No. 1. P&S moved to dismiss or, alternatively, to stay that suit pending the outcome of arbitration. *See id.*, Mot. Dismiss, ECF No. 6. The Magistrate Judge found that the parties had agreed to arbitrate disputes arising from the subcontract, so the Magistrate Judge recommended staying the case pending arbitration. *Id.*, R. & R., ECF No. 60. This court adopted that recommendation on March 20, 2018, staying JWS's suit. *Id.*, Order, ECF No. 63.

On July 28, 2017, FICOH initiated the instant suit against P&S. 17-CV-00091, Compl., ECF No. 1. FICOH sought a declaratory judgment stating that (1) FICOH was not bound to arbitrate with P&S, and (2) FICOH has no obligations under the bond it issued to P&S. *Id.* at 14, 16.

P&S moved to dismiss, or, alternatively, to stay FICOH's suit pending the outcome of arbitration between JWS, P&S, and FICOH. Mot. Dismiss, ECF No. 6. P&S argued that, because FICOH's performance bond incorporated the subcontract between JWS and P&S, FICOH is

2

bound to the subcontract's arbitration provision covering "any and all claims or disputes arising out of or relating to" the subcontract. *See* Subcontr. at ¶ 19.1, ECF No. 6-2. This court referred P&S's motion to the Magistrate Judge for issuance of a report and recommendation. *See* Order (Sept. 8, 2017), ECF No. 10.

The Magistrate Judge heard argument on the motion and thereafter issued the Report. *See* Transcript, ECF No. 34; *see also* R. &. R., ECF No. 37. The Report recommends that this court deny Defendant's motion to dismiss and further deny its request for a stay. R. & R. at 11, ECF No. 37.

P&S objected to the Report and FICOH filed a Response to P&S's objections. *See* Obj. to R. & R., ECF No. 38; Response, ECF No. 43.

## II. LEGAL STANDARDS

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

FICOH argues that this court should apply different standards of review to different aspects of the Magistrate Judge's Report. Response to Obj. at 6-7, ECF No. 43. That is, FICOH submits that the Magistrate Judge's recommendation regarding the motion to dismiss must be reviewed de novo pursuant to § 28 U.S.C. § 636(b)(1)(B), because a motion to dismiss is a dispositive matter. But FICOH contends that this court should review the recommendation as to the motion to stay under the "clearly erroneous or contrary to law" standard, pursuant to § 28 U.S.C. § 636(b)(1)(A), because a motion to stay is a nondispositive pretrial matter. Neither party cites to authority on this issue—that is, whether a district court should review de novo a Magistrate Judge's recommendation as to a motion to dismiss or stay, or whether a district court

3

should apply different standards of review, as FICOH contends.

This court referred Defendant's motion in its entirety to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Order, ECF No. 10. This court's order of referral did not differentiate the motion to dismiss from the motion to stay. Absent that order of referral, this court would have directly ruled upon Defendants' motion. Therefore, it would be inappropriate for this court to apply anything less than de novo review to the Magistrate Judge's Report. Accordingly, this court proceeds with de novo review.

### III. DISCUSSION

P&S moves to dismiss or, alternatively, to stay this case pending resolution of the arbitration proceeding between &S and FICOH. Mot. Dismiss at 1, ECF No. 6. P&S argues that FICOH—as surety of JWS—is subject to a binding arbitration clause in the subcontract between JWS and P&S. *Id.* at 1-2. FICOH argues that is not bound to arbitrate because the subcontract's arbitration clause is insufficiently broad to bind a surety that did not sign the subcontract. Opp., ECF No. 18. FICOH also argues in the alternative that the arbitration provision is unconscionable. *Id.* at 17.

**A. The arbitration clause is sufficiently broad to bind FICOH**

The first issue is whether FICOH is bound by the arbitration clause contained within the JWS / P&S subcontract, as P&S claims, because FICOH's performance bond incorporated the terms of the JWS / P&S contract. The arbitration clause within the subcontract provides in relevant part:

> Subcontractor agrees that any and all claims or disputes arising out of or relating to this Agreement or the breach thereof shall be decided, at the sole discretion of Contractor, by submission to (1) arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association in a venue selected solely by Contractor or (2) judicial decision by the Middlesex County Superior Court in the Commonwealth of Massachusetts . . . .

4

Subcontr. at ¶ 19.1, ECF No. 6-2. The Magistrate Judge found that this language "limit[ed] the scope of the arbitration provision to that between Subcontractor and Contractor." R. & R. at 10, ECF No. 37. Therefore, the Magistrate Judge concluded that the arbitration provision "is not broad enough to cover the dispute between [P&S] and [FICOH]." *Id.* at 11.

In its objection, P&S cites several circuit courts which have concluded that a surety becomes bound by an arbitration provision within a contract that is adopted by reference in the surety's performance bond. Obj. to R. & R. at 15-16, ECF No. 38; *see, e.g.*, *Great Am. Ins. Co. v. Hinkle Contracting Corp.*, 497 Fed. Appx. 348, 354-55 (4th Cir. 2012); *United States Fid. Guar. Co. v. West Point Constr. Co.*, 837 F.2d 1507, 1508 (11th Cir. 1988); *Exch. Mut. Ins. Co. v. Haskell Co.*, 742 F.2d 274, 276 (6th Cir. 1984); *Warren Bros. Co. v. Cardi Corp.*, 471 F.2d 1304, 1308 (1st Cir. 1973). These decisions are rooted in the federal policy favoring arbitration agreements and the logic that a contractual obligation to arbitrate would "be rendered meaningless by the expedient of bringing suit on a statutory payment bond." *Warren Bros. Co.*, 471 F.2d at 1308. FICOH counters with several district court cases finding that an arbitration provision was insufficiently broad to bind the surety. Response to Obj. at 16, ECF No. 43. *W. Sur. Co. v. U.S. Eng'g Co*., 211 F. Supp. 3d 302 (D.D.C. 2016); *Island Ins. Co. v. NORESCO, LLC*., 2012 WL 6629588 (D. Haw. 2012).

As noted by the *Island Insurance* court, the split in these decisions can be explained by differing language within the underlying arbitration provisions. 2012 WL 6629588, at * 7. Courts hold sureties bound when the underlying contract's arbitration provision is broadly written to cover "all disputes arising" out of the contract. *Id.* By contrast, sureties are not bound when the arbitration provision contains language that limits the arbitration provision to the original contracting parties. *Id.* For example, the provision at issue in *Island Insurance* provided that "[c]laims, disputes, and matters in question arising out of or relating to this Agreement as to

5

matters solely between Contractor and Subcontractor . . . shall be decided by arbitration." *Id.* at *8. The *Island Insurance* court reasoned that "matters solely between Contractor and Subcontractor" expressly limited the arbitration agreement to those two parties, so it did not cover the surety. *Id.*

In the case before this court, the subcontract's arbitration provision is broadly written to cover "any and all claims or disputes arising out of or relating" to the subcontract. Subcontr. at ¶ 19.1, ECF No. 6-2. The introductory phrase "Subcontractor agrees" does not limit that broad language; it simply expresses that JWS was agreeing to P&S's term. But the actual term is identical to language contained within arbitration provisions that other courts have consistently determined to be sufficiently broad to cover nonsignatories such as sureties. *See, e.g.*, *Exch. Mut.*, 742 F.2d at 275 (holding that arbitration provision covering "[a]ll claims, disputes and other matters in question arising out of, or relating to this contract or the breach thereof" was sufficiently broad to bind a surety). Thus, this court concludes that the subcontract's arbitration provision is sufficiently broad to bind FICOH.

In addition to analyzing the subcontract provision, the Magistrate Judge found language within the performance bond itself evinced the surety's intent not to be bound by the subcontract's arbitration provision. R. & R. at 11, ECF No. 38. The relevant language within the performance bond states: "Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the subcontract becomes due." *Id.* at 10. The Magistrate Judge reasoned that "suit" refers to a proceeding "in a court of law," as opposed to an arbitration proceeding, so, by including that word, FICOH evinced an intent not to arbitrate. *Id.* at 11.

It is true that the Supreme Court of Guam has defined "suit"—in a different context—to mean "any proceeding by a party or parties against another *in a court of law*." *AG of Guam v.*

6

*Gutierrez*, 2011 Guam 10 (emphasis added) (internal quotation marks omitted). However, "the term 'suit' is ambiguous and can reasonably be interpreted to include any 'attempt to gain an end by any legal process.'" *Anderson Bros., Inc. v. St. Paul Fire and Marine Ins. Co.*, 729 F.3d 923, 933 (9th Cir. 2013).

P&S cites to three district courts that have considered this very issue and concluded that a performance bond's reference to "suit" was "merely setting a statute of limitations in the event of litigation and not evidencing an intent to preempt the arbitration clause incorporated by reference." *Rashid v. United States Fid. & Guar. Co.*, 1992 U.S. Dist. LEXIS 22914 (S.D. W. Va. Sept. 28, 1992); *Transamerica Premier Insur. Co. v. Collins & Co.*, 735 F. Supp. 1050, 1052 (N.D. Ga. 1990); *Cianbro Corp. v. Empresa Nacional de Ingenieria y Tecnologia*, 697 F. Supp. 15, 19 (D. Me. 1988). This court agrees. Even assuming that the performance bond *could* limit the subcontract's arbitration provision—a dubious proposition, given that P&S is not a signatory to the performance bond—this court concludes that the term "suit" within the performance bond was not intended to have that effect. The sentence in which "suit" occurs is merely meant to establish a two-year limitations period.

**B. Whether the arbitration clause is unconscionable**

As an alternative argument, FICOH contends that the subcontract's arbitration clause is unenforceable under *Nagrampa v. Mailcoups, Inc.*, 469 F.3d at 1280 (9th Cir. 2006). Response to Mot. Dismiss at 17, ECF No. 18. P&S counters on two grounds. Reply at 10, ECF No. 25. In addition to refuting FICOH's unconscionability arguments, P&S argues that the question of unconscionability is one for the arbitrator to decide. *Id.*

Generally, a court determines whether an arbitration clause is valid. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). However, this issue "can be expressly delegated to the arbitrator where the parties *clearly and unmistakably* provide otherwise." *Id.* (internal

quotation marks omitted). The Ninth Circuit has held that incorporation of the American Arbitration Association ("AAA") rules constitutes "clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Id.*

Here, the arbitration clause provided two dispute resolution mechanisms for P&S to choose among: "arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association" *or* "judicial decision by the Middlesex County Superior Court in the Commonwealth of Massachusetts." Subcontr. at ¶ 19.1, ECF No. 6-2. Thus, unlike the agreement in *Brennan* which unequivocally provided that "any controversy or claim . . . shall be settled by binding arbitration in accordance with the Rules of the American Arbitration Association," 796 F.3d at 1128, the subcontract here merely indicates that P&S, "at its sole discretion," can *choose* to resolve this dispute under the AAA's rules. Subcontr. at ¶ 19.1, ECF No. 6-2. That P&S retained the *option* to invoke the AAA rules does not constitute "clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130. Thus, it is for this court to decide whether the arbitration provision is unconscionable.

Both parties cite to California law regarding the issue of unconscionability, perhaps due to the lack of Guam law on this issue. *See* Response to Mot. Dismiss at 17, ECF No. 18; Reply at 10, ECF No. 25. Under California law, "[a]n agreement to arbitrate is unconscionable only if it both procedurally and substantively unconscionable." *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002). Procedural unconscionability focuses on "'oppression' or 'surprise' due to unequal bargaining power." *Mohamed v. Uber Techs, Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016). Substantive unconscionability depends on whether the terms themselves are "so one sided as to 'shock the conscience.'" *Baltazar v. Forever 21, Inc.*, 367 P.3d 6, 11 (Cal. 2016).

There is no evidence of procedural unconscionability in this case. All parties to this dispute are sophisticated businesses, and the delegation provision is clearly labeled "Dispute Resolution" within the subcontract. Subcontr. at ¶ 19.1, ECF No. 6-2. While the unilateral discretion afforded to P&S is indeed one-sided, it is not so patently unjust so as to rise to substantive unconscionability. *See M.A. Mortenson Co. v. Saunders Concrete Co.*, 676 F.3d 1153, 1158 (8th Cir. 2012) (rejecting the argument "that an arbitration agreement is substantively unconscionable because it gives one party the sole discretion to choose arbitration"). This court therefore concludes that the arbitration provision is valid.

## IV. CONCLUSION

For the foregoing reasons, the court hereby **ACCEPTS** in part and **REJECTS** in part the Report. Specifically, this court:

1. **REJECTS** the Report's conclusion regarding the subcontract's arbitration provision and holds that the provision is sufficiently broad to bind FICOH;

2. **ADOPTS** the Report's recommendation to deny P&S's motion to dismiss but **REJECTS** the Report's recommendation to deny P&S's motion to stay.

Therefore, **IT IS HEREBY ORDERED** that:

1. P&S's Motion to Dismiss is **DENIED.**

2. P&S.'s Alternative Motion to Stay the proceedings pending completion of the contractually mandated provision under article 19.1 of the JWS / P&S subcontract is **GRANTED**.

3. The parties shall file a joint status report no later than March 19, 2019, and every quarter thereafter. In addition, the parties shall appear for a status hearing before the Magistrate Judge on March 27, 2019, at 9:00 a.m.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Dec 19, 2018